```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATIONWIDE PROPERTY AND CASUALTY    :
COMPANY a/s/o TALMADGE AND JULIA    :CIVIL ACTION NO. 3:12-CV-525
LEWIS,                              :
                                    :(JUDGE RICHARD P. CONABOY)
         Plaintiff,                 :
                                    :
         v.                         :
                                    :
TARGET HOMES, INC., S&T COOMBE,     :
INC., PATRICK GALLAGHER, PAUL       :
GEARHART AND EASTERN INSULATION     :
CORP., t/a, d/b/a, a/k/a EASTERN    :
CONTRACTOR SERVICES, LLC,           :
                                    :
         Defendants.                :
```

## **MEMORANDUM**

Here we consider two motions pending before the Court: "Motion to Dismiss by Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" (Doc. 65) and "Plaintiff's Motion for Substitution of Proper Party" (Doc. 67).  With the first motion, Estate of Paul Gearhart asserts that Defendant Paul Gearhart was not properly served and the Complaint must be dismissed as to Defendant Paul Gearhart in that Plaintiff has failed to substitute a proper party for Defendant Paul Gearhart (who was deceased at the time Plaintiff filed this action) pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. 65 at 4-5.)  With the second motion, Plaintiff seeks to substitute Estate of Paul Gearhart as the proper party for deceased Defendant Paul Gearhart.  (Doc. 67 at 1.)

## **I. Background**

This action is a subrogation claim stemming from a fire at the

Tobyhanna, Pennsylvania, residence of Talmadge and Julia Lewis on October 16, 2010. (Doc. 65 at 1; Doc. 67 at 1.) The property was a newly constructed single family house insured by Plaintiff Nationwide Property and Casualty Company. (*Id.*)

Plaintiff filed the action on March 22, 2012. (Doc. 1.) Plaintiff alleges in part that "Paul Gearhart was negligent and in breach of implied warranty of workmanlike quality in his sale, build, and/or installation of a chimney system on the proprty." (Doc. 67-1 at 1.) Plaintiff also alleges that Paul Gearhart's conduct was "directly and proximately the cause of the fire." (Doc. 67-1 at 2.)

An Affidavit of Service of Summons and Complaint on Paul Gearhart was filed on April 16, 2012. (Doc. 65 at 3 (citing Doc. 10).) The Summons was served on April 16, 2012, at Defendant Paul Gearhart's family's residence. (Doc. 65 at at 4; Doc. 67-1 at 2.) On June 4, 2012, Defendant Paul Gearhart's Estate filed a Suggestion of Death. (Doc. 45.) On June 14, 2012, "Answer to Plaintiffs' Complaint with Affirmative Defenses and Crossclaims of Defendant, Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" was filed. (Doc. 49.)

On December 13, 2012, "Motion to Dismiss by Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" was filed. (Doc. 65.) On December 28, 2012, "Plaintiff's Motion for Substitution of Proper Party" was filed. (Doc. 67.) Both motions

2

are now fully briefed and ripe for disposition.

## II. Discussion

Because allowance of the substitution requested would moot the motion to dismiss, we will first address Plaintiff's Motion for Substitution of Proper Party (Doc. 67) filed pursuant to Federal Rule of Civil Procedure 25. For the reasons discussed below, we conclude this motion is properly granted.

Federal Rule of Civil Procedure 25 addresses the Substitution of Parties. In pertinent part it provides the following:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Circuit Courts differ on whether Rule 25(a)(1) requires that the statement of death identify the representative or successor who may be substituted as a party. *See*, *e.g.*, *Unicorn Tales, Inc. v. Banjeree*, 138 F.3d 467 (2d Cir. 1998); *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985). The Third Circuit Court has not addressed this issue.

Plaintiff cites *McSurely* in support of the argument that the 90 day time for filing a substitution motion has not yet begun to run because Defendant's suggestion of death was insufficient in

3

that it did not name a representative or successor party. (Doc. 67-1 at 3.) Alternatively, Plaintiff asserts that, even if the Suggestion of Death was properly filed, the Court should extend the time limit and permit Plaintiff's Motion for Substitution because Rule 25(a)(1)'s time limit was not meant to act as a bar to meritorious claims. (*Id.* (citing *Tatterson v. Koppers, Inc.*, 104 F.R.D. 19 (W.D. Pa. 1984)).)

We do not decide whether Rule 25(a)(1) requires identification of a representative or successor. Rather, if we were to assume that Rule 25(a)(1) contains no inherent requirement that a successor be identified, an extension of the 90 day period would be appropriate in this case.

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). *Tatterson* notes that extensions of the 90 day time period in Rule 25(a)(1) should be liberally granted. 104 F.R.D. at 20 (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966); *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974)). *Tatterson* also identifies factors to be considered by the Court before allowing a substitution following the 90 day period: prejudice to the other party, good faith, and excusable neglect. 104 F.R.D. at 20 (citing

4

*Staggers*, 359 F.2d at 296; *National Equip. Rental v. Whitecraft Unlimited*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977); *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012-15 (S.D.N.Y. 1973)).

Construing Plaintiff's argument that an extension is proper in this case as a request made pursuant to Rule 6(b), we conclude that there is no evidence of bad faith and no exhibited or argued prejudice to Defendant. Plaintiff's reliance on the assertion that it "did not have a proper representative which it could designate as a party" (Doc. 67-1 at 4), even if that reliance is misplaced, can be considered excusable neglect. Given the generally strong preference that cases be decided on the merits, *see*, *e.g.*, *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976), and the allegation that Paul Gearhart's conduct was "directly and proximately the cause of the fire" (Doc. 67-1 at 2), we conclude the time period is properly extended to allow Plaintiff's substitution motion.

With this decision, Plaintiff is granted leave to substitute the Estate of Paul Gearhart for deceased Paul Gearhart. Therefore, the "Motion to Dismiss by Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" (Doc. 65) is deemed moot.

### III. Conclusion

For the reasons discussed above, "Motion to Dismiss by Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" (Doc. 65) is deemed moot and "Plaintiff's Motion for Substitution of

Proper Party" (Doc. 67) is granted.  An appropriate Order follows.

<pre>
                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge
</pre>

DATED: March 1, 2013

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY a/s/o TALMADGE AND JULIA LEWIS, | : <br> :CIVIL ACTION NO. 3:12-CV-525 <br> : <br> :(JUDGE RICHARD P. CONABOY) |
| Plaintiff, | : |
| v. | : |
| TARGET HOMES, INC., S&T COOMBE, INC., PATRICK GALLAGHER, PAUL GEARHART AND EASTERN INSULATION CORP., t/a, d/b/a, a/k/a EASTERN CONTRACTOR SERVICES, LLC, | : |
| Defendants. | : |

**ORDER**

AND NOW, THIS 1st DAY OF MARCH 2013, IT IS HEREBY ORDERED THAT:

1. "Motion to Dismiss by Estate of Paul Gearhart (Incorrectly designated as Paul Gearhart)" (Doc. 65) is DEEMED MOOT;

2. "Plaintiff's Motion for Substitution of Proper Party" (Doc. 67) is GRANTED;

3. The Estate of Paul Gearhart is to be substituted for deceased Paul Gearhart as Defendant in this case;

4. The caption is to be amended accordingly;

5. The Estate of Paul Gearhart is substituted as the proper party in all aspects of this action, including cross-claims.

                                                  S/Richard P. Conaboy
                                                  RICHARD P. CONABOY
                                                  United States District Judge